UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FRANK BRANDON,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, P.O. SAID SALIM, Shield No. 09517, Individually and in his Official Capacity, P.O. ANDRO STAMBUK, Shield No. 2989428510, Individually and in his Official Capacity, P.O. MARC KLAUSNER, Shield No. 01983, Individually and in his Official Capacity, P.O.s JOHN DOE # 1 - 10  (the name John Doe being fictitious, as the true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------X

**ANSWER**

07 CV 8789 (LAP)

**Jury Trial Demanded**

        Defendants THE CITY OF NEW YORK, P.O. SAID SALIM, Shield No. 09517, Individually and in his Official Capacity, P.O. ANDRO STAMBUK, Shield No. 2989428510, Individually and in his Official Capacity, P.O. MARC KLAUSNER, Shield No. 01983, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph 2 of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        3.     Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiff purport to base jurisdiction as stated therein.

        4.     Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiff purport to lay venue as stated therein.

5. The allegations set forth in paragraph 5 consist of a demand for a jury trial and therefore no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Admit the allegations set forth in paragraph 7 of the complaint.

8. Deny the allegations set forth in paragraph 8 of the complaint, except admit that the City is a municipality pursuant to the laws of the State of New York and that the City maintains the New York City Police Department ("NYPD") pursuant to applicable statutes, ordinances and regulations.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph to the extent they relate to unidentified officers and admit that defendants P.O. SAID SALIM, P.O. ANDRO STAMBUK, P.O. MARC KLAUSNER,. Are employed by the City as a police officers for the NYPD.

10. The allegations set forth in paragraph 10 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required.

11. The allegations set forth in paragraph 11 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required. To the extent a response is required, defendants deny the allegations.

12. The allegations set forth in paragraph 12 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required. To the extent a response is required, defendants deny the allegations.

13. Deny the allegations set forth in paragraph 13 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15. Deny the allegations set forth in paragraph 15 of the complaint.

16. Deny the allegations set forth in paragraph 16 of the complaint.

17. Deny the allegations set forth in paragraph 17 of the complaint.

18. Deny the allegations set forth in paragraph 18 of the complaint.

19. Admit the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint, except admit that defendant was arrested.

21. Deny the allegations set forth in paragraph 21 of the complaint, except admit that plaintiff was charged with drug related offenses, including Criminal Possession of a Controlled Substance.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the time plaintiff spent in jail and his court appearances.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

27. Deny the allegations set forth in paragraph 27 of the complaint.

28. In response to the allegations set forth in paragraph 28 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 27 inclusive of its answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. In response to the allegations set forth in paragraph 34 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 33 inclusive of their answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. In response to the allegations set forth in paragraph 37 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 36 inclusive of their answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. In response to the allegations set forth in paragraph 41 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 40 inclusive of their answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph 42 of the complaint.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. Deny the allegations set forth in paragraph 44 of the complaint.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. Deny the allegations set forth in paragraph 47 of the complaint.

48. Deny the allegations set forth in paragraph 48 of the complaint.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. Deny the allegations set forth in paragraph 54 of the complaint.

55. Deny the allegations set forth in paragraph 55 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the dismissal of charges.

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. In response to the allegations set forth in paragraph 57 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 56 inclusive of their answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph 58 of the complaint.

59. Deny the allegations set forth in paragraph 59 of the complaint.

60. Deny the allegations set forth in paragraph 60 of the complaint.

61. Deny the allegations set forth in paragraph 61 of the complaint.

62. In response to the allegations set forth in paragraph 62 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 61 inclusive of their answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph 63 of the complaint.

64. Deny the allegations set forth in paragraph 64 of the complaint.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. Deny the allegations set forth in paragraph 66 of the complaint.

67. In response to the allegations set forth in paragraph 67 of the complaint, defendants repeats and realleges the responses set forth in paragraphs 1 through 66 inclusive of their answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph 68 of the complaint.

69. Deny the allegations set forth in paragraph 69 of the complaint.

70. Deny the allegations set forth in paragraph 70 of the complaint.

71. Deny the allegations set forth in paragraph 71 of the complaint.

72. Deny the allegations set forth in paragraph 72 of the complaint.

73. Deny the allegations set forth in paragraph 73 of the complaint.

74. Deny the allegations set forth in paragraph 74 of the complaint.

75. Deny the allegations set forth in paragraph 75 of the complaint.

76. Deny the allegations set forth in paragraph 76 of the complaint.

77. Deny the allegations set forth in paragraph 77 of the complaint.

78. Deny the allegations set forth in paragraph 78 of the complaint.

79. Deny the allegations set forth in paragraph 79 of the complaint.

80. Deny the allegations set forth in paragraph 80 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

81.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

82.     The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

83.     To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

84.     Punitive damages are not available against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

85.     There was reasonable cause to detain plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

86.     There was probable cause for plaintiff' arrest, prosecution and detention.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

87.     Plaintiff provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

88.     Plaintiff's injuries, if any, are de minimis and do not give rise to a constitutional violation.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

89.     This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

90.     This action is barred in whole or in part by latches and the applicable limitations period.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

91.     The individual defendants are immune from suit under the doctrine of qualified immunity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

92.     This action is barred in whole or in part by latches and the applicable limitations period.

**WHEREFORE**, defendants THE CITY OF NEW YORK requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 15, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                City of New York
                                Attorney for Defendants
                                100 Church Street, Room 3-159
                                New York, New York 10007
                                (212) 788-8698

                                By: _____
                                    Steve Stavridis

   (By ECF)
TO:    Jon L. Norinsberg

8

Attorney for Plaintiff
225 Broadway – Suite 2700
New York, New York  10007
(212) 791-5396